HENRY S. PUDER, RESPONDENT, v. DAYTON E. SMITH, APPELLANT.

Submitted May 26, 1927—Decided October 17, 1927.

For the appellant, *Perkins & Drewen.*

For the respondent, *Kessler & Kessler.*

The opinion of the court was delivered by

McGLENNON, J.   The complaint in this case expressly charged that plaintiff was induced by fraudulent representation of the defendant to purchase three hundred shares of stock of A. Silz, Incorporated, from him, and paid to him, therefor, four thousand five hundred ($4,500) dollars, and upon discovery of the fraud, he rescinded the agreement and offered to return the stock and demanded his money back, and defendant refused to accept the stock or return the money, and thereupon this suit was commenced.

The plaintiff testified that defendant had stated that he wanted plaintiff to make some money by a quick turnover; that defendant had some stock which he could not sell, but that he could get three hundred shares for plaintiff from the bankers at the underwriting price of $30 a share, and that defendant had signed certain papers with brokers to list this stock on the curb; that the papers had been signed and stock would be listed within thirty days, and that it was simply a matter of formality in listing the stock; that he relied absolutely on these statements and paid defendant four thousand

five hundred ($4,500) dollars, and received the three hundred shares of stock. Plaintiff also stated that when he found the stock was not listed, he tried to find defendant and found he was no longer connected with the company, but finally located him, and in company with counsel went and talked with defendant at his New York office. There he asked him why he misrepresented the fact that an agreement for listing had been signed with the brokers, and why he had sold plaintiff his own stock, when he had told plaintiff he was trying to get stock from the bankers, and also accused him of misrepresenting the book value; that plaintiff had replied that he thought the listing was all set and ready to be closed, and admitted that he had sold his own stock and thought it was worth $30 a share, but was not in a position to judge it. Plaintiff further stated that he told defendant that he wanted to return the stock and wanted his money back and offered the stock to him, but defendant refused to have anything to do with it.

Defendant did not appear to testify, and the case was submitted to the jury, under instructions defining the elements of actionable fraud, and leaving it to the jury to determine whether such elements had been proven, and also whether rescission had taken place, and if they so found, they were instructed that they might find for plaintiff in the amount he paid for the stock and interest. The jury returned a verdict accordingly in favor of the plaintiff; and from the judgment entered thereon, this appeal was taken by the defendant.

Counsel for defendant moved for a nonsuit and for a direction of verdict on the ground that there was no testimony that plaintiff had sustained a loss, nor that defendant had made representations to the plaintiffs which he knew to be false at the time he made them, and that there was no proof showing any relation between any loss sustained by plaintiff, if any, and the false pretenses alleged in the complaint, and because the testimony established that such representations as were made referred to promises or predictions as to what might or what would occur in the future. These motions were denied and exceptions duly noted.

Defendant specified five grounds of appeal, but his brief is confined to three points—*i. e.,* refusal to nonsuit; refusal to direct a verdict, and refusal to charge defendant's sixth request. These points only will be considered.

The same grounds are alleged as error in refusing the nonsuit as well as the motion to direct the verdict, and there was no substantial change in the proofs at the close of the case which altered the situation as it was when plaintiff rested. The main contention is that the testimony did not establish any representation concerning a past or existing fact except the statement that "defendant had signed certain papers with brokers to list this stock with the curb," and that defendant "had some stock which he said he could not sell, and that as to these statements, there were no proofs to show they were false and known to the defendant to be false at the time he made them. Counsel unfortunately overlooks the legitimate inferences of fact that the jury might draw as to defendant's knowledge of the falsity of such fact, arising out of his statements and conduct when charged with misrepresentation. It nowhere appears that defendant denied making such statements, but he is quoted as merely saying that he thought it was all set and he thought the stock was worth $30 a share, but was not in a position to judge it, and failed to deny he had sold his own stock. Furthermore, there is nothing in the case to explain defendant's failure to appear and testify in the case, if he saw fit.

We feel satisfied that, under the facts and circumstances adduced, it became a question for the jury to consider the proofs and inferences of fact arising therefrom, to determine the truth of the matters alleged.

Actual misrepresentations of fact are not the sole basis of actionable fraud, since the deceit and fraud practiced can as well effectuate its baneful purpose by conduct as it can by words, and it may consist in the creation of false impressions by words or act, or by any trick or device. An issue of that nature necessarily involves the determination of a question of fact, and its solution is peculiarly for the jury. *Berkowitz* v. *Lyons,* 98 *N. J. L.* 198, 201.

Appellant further contends that the case is altogether without any evidence of loss whatever, on the theory that it was not shown that the stock was without value or of less value than the plaintiff paid for it, but an opinion by Justice Woodhull, in the case of *Byard* v. *Holmes,* 33 *N. J. L.* 119, established the principle that where a party has paid money on a contract entered into through fraudulent misrepresentation, he may maintain an action for deceit against the person guilty of fraud; or, he may waive the fraud and proceed for a breach of the original contract; or, having legally rescinded the contract, he may recover back whatever he has paid upon it. This opinion in the Supreme Court has been repeatedly cited with approval in this court. There is no denial here that such rescission and offer to return the stock was made and refused. We, therefore, conclude that the trial court properly refused a motion to nonsuit and a direction of a verdict.

The last point urged for reversal is the court's refusal to charge defendant's sixth request as follows:

"If you find that the plaintiff at the time he purchased the stock had independent knowledge of the financial condition of A. Silz, Incorporated, and of the value of the stock, and that he did not actually rely for information as to these things on the statements of the defendant, the plaintiff cannot recover."

We find no error in such refusal. The request assumes an independent knowledge by the plaintiff of the financial condition of A. Silz, Incorporated, and of the value of its stock, while the proofs show that plaintiff had no such knowledge or opportunity to acquire the same for a considerable period of time prior to this transaction, and that the company had been reorganized since plaintiff's prior connection with the company as an auditor. There was, therefore, no basis for this assumption. Furthermore, the court had already charged in accordance with defendant's seventh request, all the elements required to be proven to constitute actionable fraud under the circumstances of this case, and submitted the determination of the truth of the facts charged to the jury.

Requests to charge are properly refused, when they have

been substantially covered, in so far as they contain correct and pertinent propositions of law. *Hintz* v. *Roberts,* 98 *N. J. L.* 768, 772.

This disposes of all the grounds of appeal presented and argued, and as we find no error in the record, the judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.