CHARLES L. SYLVESTER AND SIDNEY HARRIS, PARTNERS, TRADING AS SYLVESTER & HARRIS, RESPONDENTS, v. LOUISE KOEHLER AND HUGO KOEHLER, APPELLANTS.

Submitted October term, 1933—Decided February 6, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellants, *Nicholas S. Schloeder.*

For the respondents, *Alfred E. Modarelli.*

PER CURIAM.

Plaintiffs are attorneys at law in the State of New York. They brought suit upon an agreement signed by the defendants obligating themselves to pay $500 for securing permis-

sion from the federal government for Hugo Koehler to leave the United States, return to Germany and then come back to the United States, or to get a warrant of deportation canceled. At the conclusion of the proofs the trial judge directed a verdict in favor of the plaintiffs. To this direction exception was noted and the ruling is the basis of the present appeal.

We think the direction of the trial court was error. While the signing of the agreement was admitted by the parties, the testimony of Mrs. Koehler was to the effect that her first communication was with Charles F. Sylvester, one of the plaintiffs, on July 30th, 1932, at which time she requested him to handle the situation arising out of a warrant of deportation for her husband, and that it was agreed that if the plaintiffs were successful a substantial fee would be paid, but not otherwise; that on August 9th, 1932, she paid $100 to one Schirman, employed in the plaintiffs' office. She further testified that on August 20th she again visited the office of the plaintiffs and saw Mr. Sylvester; that she discussed with him the matter of a bond, conditioned that her husband would not become a public charge, and was told she would have to sign an agreement to the effect that she would put up a bond for $500 as might be required, but nothing was said about legal fees. She further stated that Sylvester presented her with a letter (the writing on which the suit is brought) which she thought was the agreement to put up a bond, and that she signed but without reading. While the testimony of Sylvester is in conflict with the foregoing the credibility of the parties was for the jury and not for the court.

It is well settled that fraud may be committed by actions as well as by words. *Puder* v. *Smith,* 104 *N. J. L.* 150; 139 *Atl. Rep.* 23. If the testimony of Mrs. Koehler is to be believed the jury might infer an implied representation that the paper which she was asked to sign was solely with respect to the bond which she had been told would be required, and upon which she might have relied, particularly in view of the relation of attorney and client existing between the parties.

We find no error in overruling the conversation between Mrs. Koehler and the man Schirman respecting fees to be

paid in the case in the absence of proof that Schirman was authorized to speak for the firm by whom he was employed.

The judgment is reversed and the record remitted for further proceedings according to law.